## Hinton v. The State.

*Indictment for Selling Spirituous, Vinous or Malt Liquors, Code, § 5076.*

(Decided February 13, 1902.)

1. *Vinous liquor; what is; blackberry wine.*—The term "vinous liquors" in the statutes punishing the selling of "spirituous, vinous or malt liquors without license," includes the juice of blackberries with sugar added, after fermentation, and to which an additional ingredient of alcohol has been added by chemical process.

2. *Blackberry wine; when legality of sale a question for the jury.* Where two witnesses testified to the intoxicating effect on them of the juice of blackberries, to which sugar had been added, and which had been placed in a keg and allowed to

[Hinton v. The State.]

stand, it was open to the jury to infer that spirituous liquor had been added to it, thereby rendering its sale illegal, whether fermentation had taken place or not.

3. *Selling spirituous, vinous or malt liquors; evidence; statements by defendant as to legal advice as defense.*—On a prosecution for selling spirituous liquors without license, evidence by defendant that he had been advised by a judge and a United States commissioner before making the sale, that it was not a violation of law to do so, is incompetent.

APPEAL from Pike Criminal Court.

Tried before Hon. T. L. BOROM.

Indictment against D. F. Hinton for selling liquor without a license. The opinion states the facts.

E. R. BRANNEN, for appellant. No brief came to the hands of the Reporter.

CHARLES G. BROWN, Attorney-General, for the State, cited *Carl v. State,* 89 Ala. 97; *Ward v. State,* 78 Ala. 417; *Eldridge v. State,* 126 Ala. 63; *Brantley v. State,* 91 Ala. 74; *Mirkle v. State,* 37 Ala. 144; Worcester's Dictionary, "vinous," "wine;" Standard Dictionary, "vinous," wine;" Black on Intox. Liquors, § 5, pp. 5 and 6; 17 Am. & Eng. Ency. Law § 6, p. 199; *Reyfelt v. State,* 73 Miss. 415; *Feldman v. City,* 1 Ill. App. 460; *Hatfield v. Commonwealth,* 14 Atl. 151; *Schwab v. People,* 4 Hun. (N. Y.) 520; *State v. Intoxicating Liquors,* 76 Iowa 243; *Commonwealth v. Roseberry,* 2 L. R. A. 415; *Commonwealth v. Reese,* 1 Wilcox (Pa.) 253.

HARALSON, J.—The defendant was indicted for selling spirituous, vinous or malt liquors without a license.

Several persons examined as witnesses by the State testified, that the defendant, within twelve months before the finding of the indictment, sold to them at his store in Pike county, blackberry wine by the glass. One of the witnesses testified, it made him drunk, and another, that he felt it "right smartly," and, each, deposed, that he drank no other intoxicating liquor.

The defendant introduced witnesses whose testimony tended to show that the wine sold was not an intoxi-

[Hinton v. The State.]

cant. The defendant testified, that he made said wine, by taking blackberries and crushing them, putting them in water and allowing them to stand about two days, and afterwards he strained the juice out and sweetened it with sugar, adding nothing else. He also introduced evidence tending to show, that the State's witnesses, during the day they bought the wine from him and drank it, had some whiskey and gin which they also drank.

Worcester defines wine (1), as, "The fermented juice of the grape; a spirituous liquid resulting from the fermentation of grape-juice; and, (2), "The fermented juice of certain fruits resembling in many respects the wine obtained from grapes, but distinguished therefrom, by naming the source whence it is derived; as, ginger-wine, gooseberry-wine, currant-wine," etc. We discover no reason for holding that the term "vinous liquors," does not include the fermented juice of blackberries as well as that of grapes. The intention of the legislature, we take it, in its system for raising the revenue for the State, and in its regulation of the sale and disposition of intoxicating liquors, was not to include the one and exclude the other, especially if that made from the juice of blackberries and other berries became wine or spirituous liquor after fermentation with sugar, producing intoxication when taken as a beverage.—Black on Intox. Liquors, § 5. The wine of the grape or berries, before fermentation, cannot be said to be wine; but with sugar added, and after fermentation and the addition thereto by chemical process of an additional ingredient of alcohol, the product may be fairly said to be vinous liquor.

The evidence shows that sugar was added to the berry juice, and the liquid thereafter was placed in a keg or barrel, but how long the juice thus sweetened had been allowed to stand before it was sold was not shown, nor was it shown that fermentation had taken place; but the evidence tends to show that fermentation had taken place, and the liquid had become vinous. Moreover, even if the juice was yet fresh, and had not become a vinous liquor, or, even, if it had so become, it was open to the jury, under the evidence, to infer, that spirituous

[Winter v. The State.]

liquor had been added, since two witnesses deposed to its intoxicating effect on them.—*Tinker v. The State*, 90 Ala. 647. If the drink called blackberry wine sold by defendant was a vinous liquor, or, if a beverage to which spirituous liquor had been added, the defendant was guilty of a violation of the statute; but under the evidence, these questions should have been submitted, under proper instructions, to the determination of the jury, and the general charge, as given against defendant, was not proper.

The offer by defendant to prove that a judge and a United States commissioner had advised him, before he made the sales of the beverage, that it was not a violation of law to do so was not competent evidence, and was properly rejected.

Reversed and remanded.